UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
FAIGY OESTREICHER,

                                Plaintiff,

     -against-

EQUIFAX INFORMATION SERVICES, LLC,
FLAGSTAR BANK, EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANSUNION, LLC,

                             Defendants.
------------------------------------------------------------------- x

<u>ORDER</u>

23-CV-239 (NRM)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Faigy Oestreicher brings this consumer credit reporting action against Defendants Equifax Information Services, LLC; Flagstar Bank; Experian Information Solutions, Inc.; and TransUnion, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (*See generally* Compl., ECF No. 1.) Before the Court is Experian's motion to stay discovery. (Mot., ECF No. 31.) For the reasons set forth below, the motion is **granted**.

**I.    BACKGROUND**

As alleged in the Complaint, Flagstar Bank is Plaintiff's mortgage servicer. (Compl. ¶ 9.) According to Plaintiff, in May 2021, she entered into forbearance with Flagstar Bank, meaning that she did not have to make mortgage payments for June and July 2021. (*Id.* ¶¶ 10–11.) Plaintiff claims that, despite this forbearance, Flagstar Bank informed credit reporting agencies Experian, Equifax, and TransUnion that her mortgage payments were late by greater than 30 days. (*Id.* ¶ 12.) Plaintiff alleges that she disputed this incorrect information with Equifax, Experian, and TransUnion, who forwarded the disputes to Flagstar Bank. (*Id.* ¶ 16.)

Plaintiff claims she suffered injury to her credit worthiness, increased difficulty in obtaining credit, and emotional injuries as a result of the incorrect information on her credit report. (*Id.* ¶ 18.)

Plaintiff commenced this action in state court, and Flagstar Bank removed to this Court. (*See* ECF No. 1.) In February 2023, Experian moved to compel arbitration of Plaintiff's claims pursuant to the "Terms of Use Agreement" governing Plaintiff's subscription service with Experian, and stated its intent to seek a stay of discovery. (*See* ECF No. 18.) At an initial conference in March 2023, the Court entered a discovery order setting deadlines for all fact and expert discovery. (*See* ECF No. 26.) The Court subsequently adopted the parties' proposed briefing schedule for the motion to compel arbitration, which remains pending. (Mar. 9, 2023 Order.)

Experian now seeks a stay of discovery pending its motion to compel arbitration. (Mot., ECF No. 31.) Plaintiff opposes, arguing that a discovery stay as to Experian would prejudice all parties by limiting discovery. (Opp'n, ECF No. 32.)

**II.   DISCUSSION**

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-CV-3343 (JS)(JMW), 2021 WL 2349370, at *1 (E.D.N.Y. June 7, 2021) (brackets and quotation marks omitted). In evaluating whether good cause exists to stay discovery, courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-CV-03292 (DRH)(JMW), 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9,

2021) (citing *Rivera v. Inc. Vill. of Farmingdale*, No. 06-CV-2613 (DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007)); *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-CV-1607 (VAB), 2017 WL 11577923, at *1 (D. Conn. July 24, 2017) ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."). In cases where a party seeks a discovery stay pending a motion to compel arbitration, courts have stayed without considering the three-factor test. *See, e.g.*, *Alvarez*, 2021 WL 2349370, at *2; *Dome*, 2017 WL 11577923, at *1. "A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Alvarez*, 2021 WL 2349370, at *2.

Experian argues that the Court has good cause to stay discovery as to Experian because of its meritorious dispositive motion, the risk of "costly and burdensome discovery . . . in this forum," and the lack of prejudice to Plaintiff, who would continue discovery as to the remaining defendants. (Mot., ECF No. 31 at 2–4.) Plaintiff asserts that, even if the motion to compel arbitration were granted, Plaintiff would still seek discovery from Experian for the arbitration. (Opp'n, ECF No. 32 at 2.) Plaintiff also claims that a stay would curtail the remaining parties' ability to properly conduct discovery. (*Id*.)

The Court finds that a stay of discovery is warranted. First, Experian's motion "is potentially dispositive, and appears to be not unfounded in the law." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF)(WDW), 2014 WL 6883529, at *2–4 (E.D.N.Y. Dec. 3, 2014) (allowing a partial stay of discovery where "[d]efendants' motion raises a substantial issue . . . that is not frivolous, raises doubts as to the viability of plaintiff's claims and is potentially dispositive of the entire action."). According to Experian, as part of her subscription service, Plaintiff accepted the "Terms of Use Agreement" containing an

3

arbitration clause applicable to any disputes with Experian regarding her subscription. (Mot., ECF No. 31 at 2.) Experian's motion to compel arbitration raises substantial issues that would resolve all of Plaintiff's claims in this action. (*See generally* Mem. in Support of Mot. to Compel Arbitration, ECF No. 33.) In other words, "without prejudging the merits of the motion to compel, [Experian] appears to have a good faith basis for moving to compel arbitration." *Alvarez*, 2021 WL 2349370, at *2; *see Marsh & McLennan Agency LLC v. Williams*, No. 22-CV-8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023). Accordingly, the first factor weighs in favor of a stay.

Second, the breadth and burden of responding to discovery weigh slightly in favor of a stay. Where courts have found discovery to be unduly burdensome, there is often a showing that the plaintiff's requests were overbroad or that the anticipated discovery would be particularly voluminous. *See, e.g.*, *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS)(GWG), 2018 WL 1989585, at *7–8 (S.D.N.Y. Apr. 26, 2018) (finding discovery burdensome where defendants were large financial institutions with voluminous records and plaintiffs were seeking discovery related to over 2,000 allegations in the complaint and to 17 defendants). Experian offers no evidence that Plaintiff's discovery requests are complex or require additional resources for compliance. However, additional discovery "would be a potential waste of resources," particularly because Experian seeks to compel arbitration in lieu of litigation. *See Alvarez*, 2021 WL 2349370, at *2. "[T]he arbitration has the potential to resolve disputes in this litigation, which could significantly narrow the scope of discovery here." *Marsh*, 2023 WL 2242074, at *2 (finding that staying discovery pending motion to

4

compel arbitration would "help prevent duplicative and inefficient litigation"). Therefore, the second factor also slightly favors granting the stay.

Finally, the risk of unfair prejudice to Plaintiff is minimal. Plaintiff correctly notes that "[t]he entire claim revolves around communications between Experian (and the other consumer reporting agencies) and Flagstar Bank and how both investigated Plaintiff's disputes." (Opp'n, ECF No. 32 at 2.) However, Plaintiff can proceed with discovery on the claims against the remaining defendants Flagstar Bank, Equifax, and TransUnion, which mitigates the risk of unfair prejudice. If Experian's motion to compel arbitration resolves in Plaintiff's favor, Plaintiff may serve additional discovery requests. *Elnenaey v. JP Morgan Chase Bank, N.A.*, No. 20-CV-5430 (DG)(LB), 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021). Thus, the third factor weighs in favor of a stay.

### III.  CONCLUSION

After balancing the competing interests, the Court, in its discretion, finds that the relevant factors support a stay of discovery. Accordingly, Experian's motion to stay discovery is **granted**. The stay will expire upon the Court's resolution of the motion to compel arbitration. If any claims remain after the Court resolves the motion to compel, a scheduling order for a discovery conference shall issue.

**SO ORDERED.**

Brooklyn, New York
June 5, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

5