

DANIEL ZEMEL, ESQ. (NY, NJ)
400 SYLVAN AVE., SUITE 200
ENGLEWOOD CLIFFS, NEW JERSEY 07632
PHONE: (862) 227-3106
FAX: (973) 282-8603
Dz@ZEMELLAWLLC.COM

November 22, 2024

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Oestreicher v. Equifax Information Services, LLC, et al.,
          Case No. 1:23-cv-00239-NRM-MMH (E.D.N.Y.)
          Response in Opposition to Defendant's Request to File Sur-reply

Honorable Court,

  Plaintiff respectfully submits this letter response in opposition to Defendant's recent request to file a sur-reply for summary judgment. [ECF 112].

  Defendant's sole basis for a sur-reply (or to disregard Plaintiff's reply as improper) is that Plaintiff raised an "entirely new argument" in reply. Specifically, Defendant argues that Plaintiff's point that she was not being reported as delinquent in May before the accommodation is a new argument.

  But this point by Plaintiff was only raised in response to *Defendant's* argument (mentioned for the first time in its Opposition) that Plaintiff *was* delinquent prior to the accommodation. *See* Defendant's Opposition to Plaintiff's Summary Judgment, p. 15 ("Here, Plaintiff's loan was already delinquent as of May 1, 2021, her first mortgage payment due date, before she even requested forbearance on May 15, 2021."). Arguments in a reply that merely respond to arguments in an opposition are not improper or "new" because Defendant has already had a fair opportunity to address the matter. "Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) (overruled on other grounds by 967 F.2d 724 (2d Cir. 1992); *see also Nat'l Christmas Prods., Inc. v. Oj Commerce, LLC*, 2024 U.S. Dist. LEXIS 66350, at *3 (S.D. Fla. Apr. 11, 2024) ("Instead, Defendant seeks to address . . . case law refuting Defendant's arguments raised in its response. These reasons do not warrant leave to file a sur-reply. Indeed, a review of Plaintiff's reply shows that its arguments are squarely focused on refuting the arguments Defendant raised in its response and distinguishing the case law Defendant cited in support of those arguments."); *United States SEC v. IFtikar Ahmed*, 2021 U.S. Dist. LEXIS 233575, at *6 (D. Conn. Dec. 7, 2021) ("While a reply brief cannot raise new arguments, it can address arguments made in an opposition. . . . The [plaintiff's argument] is not a new argument,

but a response to arguments made in the [] opposition. This, accordingly, is not a proper basis for a sur-reply.").

Even so, on the merits Defendant's sur-reply has little value and is a bald attempt to circumvent the page limitations that the Court has already had to enforce. Defendant argues that Plaintiff conflates contractual delinquency with credit reporting conventions, but seeing as this case is about credit reporting, the conventions of credit reporting are more relevant. Defendant itself always reported Plaintiff as current in May, so to now claim that Plaintiff was actually delinquent in May is a ridiculous notion in light of the documents. As previously brief, a furnisher cannot accelerate delinquency after an accommodation and by doing so, Defendant violated the Cares Act.

Thus, Defendant's request should be promptly denied. Thank you for your assistance with this matter.

/s/ Daniel Zemel
Daniel Zemel
Attorney for Plaintiff